UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cr-60201-BLOOM/Valle

UNITED STATES OF AMERICA,

    Plaintiff,
v.

YASEEN ABDUL-WAHHAB,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Yaseen Abdul-Wahhab's ("Defendant") Motion for Compassionate Release, ECF No. [167] ("Motion"). The Government filed a Response in opposition, ECF No. [168] ("Response"), and Defendant did not file any reply. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

### I. BACKGROUND

On September 28, 2017, Defendant was sentenced to a term of imprisonment of 145 months, followed by three years of supervised release, for the importation of a detectable amount of cocaine in violation of 21 U.S.C. § 952(a). ECF Nos. [150] & [152]. Defendant is currently housed at Yazoo City Low FCI in Yazoo City, Mississippi, and is scheduled to be released from custody in October 26, 2026.

Defendant now files the instant Motion requesting compassionate release due to the ongoing COVID-19 pandemic, arguing that his advanced age and underlying medical conditions — namely, diabetes, apnea, high blood pressure, obesity, and asthma — put him at an

increased risk of contracting a severe case of the virus. As such, Defendant requests that this Court modify his sentence to time served or home confinement. The Government, however, strongly opposes the relief Defendant requests, and argues that compassionate release is inappropriate in this case because Defendant's claimed medical conditions are not supported by his medical records and he still poses a danger to the community.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread across the world and have impacted every person's life. The United States is currently reporting more confirmed cases of COVID-19 and resulting deaths than any other country, with more than 6,310,000 confirmed cases and over 189,000 reported deaths as of September 9, 2020.[1] The COVID-19 pandemic poses a serious danger to society at large. Moreover, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice public health precautions that are otherwise available to the general public, such as social distancing practices.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of penal institutions and into home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. The Attorney General makes the express finding that extant emergency conditions are materially affecting BOP functioning, and directs the BOP to immediately maximize transfers to home confinement for all

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated Sept. 9, 2020).

eligible inmates at the specifically named facilities and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors, as established by the Centers for Disease Control and Prevention ("CDC"), to determine their suitability for home confinement, while also emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to avoid over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. Finally, the Memorandum stresses the need for careful and individualized determinations regarding the propriety of releasing any given inmate to home confinement and discourages indiscriminate releases. *Id.* at 3.

## II. DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v.*

3

*Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks relief under the compassionate release provision, 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020). Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

As an initial matter, the Court recognizes that Defendant has exhausted his administrative remedies. In particular, as the Government concedes, Defendant submitted two requests for compassionate release on April 14, 2020, and May 6, 2020, which have gone unanswered. *See* ECF No. [168] at 18. Thus, the exhaustion requirement is satisfied in this case. Nevertheless, as explained below, Defendant has failed to satisfy the other factors required to demonstrate that compassionate release is warranted.

With regard to the "extraordinary and compelling reasons" test, Defendant explains that he is 50 years old and he is particularly vulnerable to the risk of contracting COVID-19 because he suffers from diabetes, hypertension, asthma, and apnea. Remarkably, although the Government attaches Defendant's medical records *specifically denoting* medical treatment for these four

5

conditions, it disingenuously argues that these medical conditions are "unsupported" by the BOP medical records. *See* ECF No. [168] at 18-20. The Government's argument regarding Defendant's allegedly unsubstantiated medical conditions is plainly discredited by the medical records that it attaches to its Response. ECF No. [168-2]. CDC guidance indicates that individuals with Type 2 diabetes are at an increased risk of severe illness from COVID-19, and that individuals with moderate to severe asthma and hypertension or high blood pressure may be at an increased risk of severe illness from COVID-19.[2] Certainly, Defendant's Type 2 diabetes, coupled with his asthma, apnea, and hypertension, present significant health conditions that place Defendant at an increased risk of severe illness due to COVID-19, and the Court takes these conditions seriously, despite the Government's arguments to the contrary. Nevertheless, the Court notes that, at present, there are zero inmates who have tested positive for COVID-19 at Yazoo City Low FCI, where Defendant is currently housed.[3] Thus, while the Court is sympathetic to Defendant's health conditions and his concerns regarding COVID-19 outbreaks in prison facilities, as explained below, these conditions are insufficient to warrant release, given the § 3553(a) sentencing factors.

The applicable sentencing factors under § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and

---

[2] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Aug. 14, 2020).

[3] Although 89 inmates have historically tested positive for COVID-19 at Yazoo City Low FCI, the BOP reports that there are currently no positive inmate cases of COVID-19 at this facility. *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Sept. 9, 2020).

>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .
> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

At the time of sentencing, the Court concluded that a term of imprisonment of 145 months was appropriate in this case, in light of the § 3553(a) factors. In particular, this term of imprisonment was imposed due, in part, to Defendant's criminal history and tendency for recidivism and his problematic conduct after his arrest—namely, the assessment of an obstruction of justice enhancement against Defendant. At the time of sentencing, the Defendant had a total of nine criminal history points and presents a length criminal history that further buttresses this Court's concerns regarding the adequacy of a reduced sentence. Specifically, Defendant's criminal history as an adult includes convictions for multiple burglaries, criminal possession of stolen property, criminal trespass, unauthorized use of a vehicle, theft by taking, aggravated unlicensed operation of a motor vehicle, driving while license suspended, and attempted grand larceny in the third degree. *See id.* at 8-13 (presentence investigation report detailing Defendant's criminal convictions). His history also includes multiple violations of probation and parole. This repeated history of recidivism, coupled with his conduct during the underlying criminal offense in this case and his post-arrest conduct, demonstrates a clear need for the lengthy sentence imposed to promote just punishment, respect for the law, and deterrence of future criminal conduct. A reduction of this sentence by over six years would not serve the goals of § 3553(a).

Thus, it is evident from Defendant's characteristics and history—both his criminal history and conduct in this case—that a reduction of Defendant's sentence would be contrary to the goals of § 3553(a) and would not promote any deterrence or respect for the law. Moreover, the Court is unpersuaded that Defendant requires a reduction in sentence of over six years, given his history and characteristics, and particularly in light of the current absence of inmate cases of COVID-19 at Yazoo City Low FCI. Thus, upon consideration of the § 3553(a) sentencing factors, the Court finds that modification is not warranted.

As discussed above, Defendant has failed to demonstrate that a sentence modification is warranted in this case and his Motion is therefore denied.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [167]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 9, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Yaseen Abdul-Wahhab
13409-104
Yazoo City Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 5000
Yazoo City, MS 39194