UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cr-60201-BLOOM/Valle

UNITED STATES OF AMERICA,

    Plaintiff,
v.

YASEEN ABDUL-WAHHAB,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Yaseen Abdul-Wahhab's Notice to the Court, ECF No. [170] ("Motion"), filed on October 15, 2020. The Government filed a Response in opposition, ECF No. [171] ("Response"), and Defendant did not file a Reply. The Court has carefully reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

On September 9, 2020, the Court entered an Order denying Defendant's Motion for Compassionate Release, ECF No. [169] ("Order"), and explaining that Defendant failed to establish the existence of extraordinary and compelling circumstances, and failed to demonstrate that the 18 U.S.C. § 3553(a) sentencing factors favored sentence modification. *See generally id.* Defendant now moves for reconsideration of the Court's Order because he was denied access to the law library, which precluded him from filing a reply in support of his Motion for Compassionate Release. ECF No. [170].

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the [United States] Supreme Court and [the Court of Appeals for the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United*

*States*, 411 F. App'x 253, 254-55 (11th Cir. 2011) (citation omitted); *United States v. Nunez*, No. 2:17-CR-87-FtM-38MRM, 2020 WL 5569522, at *1 (M.D. Fla. Sept. 17, 2020). In ruling on a motion for reconsideration in a criminal case, federal district courts apply civil standards and exercise substantial discretion. *See United States v. Sabooni*, No. 09-20298-CR, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014) (citing *United States v. Pugh*, 426 F. App'x 876, 876 (11th Cir. 2011)).

> Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration. Rule 59(e) allows a court to amend or alter its judgment for 28 days. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Likewise, Rule 60 allows a court to relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under this framework, courts have interpreted three grounds for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

*Nunez*, 2020 WL 5569522, at *1; *see also Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment" (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007))).

Indeed, reconsideration is an "extraordinary remedy" that should be "employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1370 (S.D. Fla. 2002). As such, to warrant reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues

Case No. 16-cr-60201-BLOOM/Valle

litigated previously." *Instituto de Prevision Militar v. Lehman Bros.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted).

Upon review and construing Defendant's Motion liberally, the Court does not find a basis to disturb its prior ruling denying Defendant's underlying Motion for Compassionate Release. *See Hernandez v. Charlotte Correction Inst.*, 394 F. App'x 667, 668 (11th Cir. 2010) ("[Courts] liberally construe *pro se* briefs."). As an initial matter, the instant Motion fails to present any reason to reassess whether Defendant carried his burden to support his request for compassionate release. Rather, the Motion simply explains that Defendant was unable to file a reply brief because he was denied access to the law library. Importantly, however, the Motion does not challenge any of the determinations set forth in the Order. Ultimately, Defendant's Motion is a quintessential attempt to induce the Court to revisit an unfavorable ruling, without legal justification for doing so. *See Jacobs*, 626 F.3d at 1344. The Motion fails to provide cause to reconsider this Court's Order.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [170]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 4, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Yaseen Abdul-Wahhab
13409-104
Yazoo City Low
Federal Correctional Institution
Inmate Mail/Parcels

Case No. 16-cr-60201-BLOOM/Valle

Post Office Box 5000
Yazoo City, MS 39194